# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PAUL MATHIAS KORNEXL,**

      **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:04-cv-944-Orl-DAB**

**ALBERT W. BAILEY, d/b/a:  Bailey Trucking and Excavating,**

      **Defendant.**

_____

## MEMORANDUM OPINION AND ORDER

This cause came on for consideration following a bench trial, upon consent, before the undersigned United States Magistrate Judge.  Based upon the evidence presented, the matters of record and the applicable law, the Court makes the following findings of fact and conclusions of law:

Plaintiff was employed by Defendant for approximately 45 weeks, from June 15, 2003 until April 27, 2004.  His duties while so employed included driving a dump truck, operating a front loader, and performing minor repairs and preventative maintenance work on Defendant's fleet of dump trucks.  Defendant has acknowledged in his Answer that Plaintiff was a covered employee under the Fair Labor Standards Act ("FLSA").[1]  The Court accepts this admission and finds that Plaintiff was covered pursuant to the Act, at all times relevant to this suit.

Plaintiff has the burden of proving that he performed work, in this case, overtime, for which he was not properly compensated.  *Anderson v. Mt. Clements Pottery Co.,* 328 U.S. 680, 687 (1946)

---

[1] At trial, Defendant sought to assert that he was not an enterprise engaged in commerce, as defined in 29 U.S.C.§ 203(s)(1).  Plaintiff objected, noting that the allegation of FLSA coverage was admitted in the Answer, and, as such, Plaintiff conducted no discovery on the issue and would be prejudiced by the belated withdraw of the admission.  The Court denied the *ore tenus* motion to amend the Answer, as untimely, noting that no effort was made to amend the Answer prior to trial.

*superseded by statute on other grounds as stated in Carter v. Panama Canal Co.*, 463 F.2d 1289, 1293 (D.C.Cir.1972). Here, Defendant failed to keep appropriate records of the wages, hours, and other conditions and practices of employment maintained by him as required by section 11(c) of the FLSA, 29 U.S.C. Section 211(c), and 29 C.F.R. § 516.  The regulations provide that every employer shall maintain and preserve payroll or other records containing the employee's name, address, date of birth (if under 19), sex, occupation, hourly rate of pay if overtime is worked, hours worked daily, straight-time hours worked daily, etc., for all employees to whom section 6 or both sections 6 and 7(a) of the FLSA are applicable. 29 C.F.R. § 516.2.  Defendant did not produce these records for Plaintiff, nor has he produced adequate records for the Court.  Defendant therefore violated sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) & 215(a)(5), and 29 C.F.R. § 516.

Because of the Defendant's failure to keep adequate records, Plaintiff was unable to exactly prove the amount owed to him. However, as noted by this Court in *McLaughlin v. Stineco, Inc*., 697 F.Supp. 436, 449-50 (M.D. Fla. 1988):

> [W]here an employer has violated its legal duty to keep adequate records, thereby preventing the employee[] access to evidence to which they are legally entitled, the Court applies a special set of burdens.  First, the employee must produce sufficient evidence to prove that he "performed work for which he was improperly compensated" and "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687, 66 S.Ct. 1187, 1192, 90 L.Ed. 1515 (1946). Once the employee makes out a prima facie case by producing such evidence, then the burden shifts to the employer "to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Id.* at 687-688, 66 S.Ct. at 1192. Unless the employer meets this burden, a court may award approximate damages based on the employee's evidence. *Id; see also Amcor, Inc. v. Brock,* 780 F.2d 897, 900-901 (11th Cir.1986) (applying this rule to a case under the Service Contract Act).

The records that Defendant did produce to Plaintiff were sketchy and incomplete. There were no records of total hours actually worked, and the daily log sheets that were produced had dates missing and did not reflect total hours worked. Because of the lack of appropriate time records, the evidence regarding hours worked was provided mainly by the testimony of the witnesses.

From late July 2003 to April 2004, with the exception of two weeks (week ending October 1, 2003, and week ending April 28, 2004) the evidence indicates that Plaintiff worked, on average, a 10 hour day, six days a week. The testimony indicated that Plaintiff worked a number of weekend days, sometimes more and sometimes less. For a period of time Plaintiff lived on-site at the workyard and accomplished various tasks, such as maintenance of the trucks, during the evening and weekend hours. The evidence shows that Plaintiff was generally the first to arrive in the morning and the last to leave at night. The Court finds that Plaintiff generally worked the hours of 6:30 a.m. until 4:30 p.m. on these days.[2]

With respect to the rate of compensation, Plaintiff was supposed to be compensated at the rate of 27% of the gross profit of each haul, with an unspecified hourly rate for "shop work." Plaintiff has shown that he worked the following weeks[3] and was paid the following amounts as compensation:

---

[2] Plaintiff testified that he had a motorcycle accident which prevented him from working in excess of 40 hours one week, and acknowledged that he did not work over forty hours his last week of work. No pay checks or other records are in evidence reflecting payments made in the first few weeks of employment, and they do not appear to be part of Plaintiff's claim.

[3] Excluded from this claim are the weeks Plaintiff did not work in excess of 40 hours.

| | |
|---|---|
| 07-23-03 $539.00 | 12-10-03 $510.20 |
| 07-30-03 $700.00 | 12-17-03 $335.00 |
| 08-06-03 $535.00 | 12-24-03 $250.00 |
| 08-13-03 $200.00 | 12-31-03 $174.00 |
| 08-20-03 $505.50 | 01-07-04 $405.05 |
| 08-27-03 $495.15 | 01-14-04 $556.70 |
| 09-03-03 $430.00 | 01-21-04 $420.00 |
| 09-10-03 $475.00 | 01-28-04 $502.95 |
| 09-17-03 $567.10 | 02-04-04 $500.00 |
| 09-24-03 $507.57 | 02-11-04 $647.30 |
| 10-08-03 $534.27 | 02-18-04 $797.50 |
| 10-15-03 $450.00 | 02-25-04 $419.45 |
| 10-22-03 $538.65 | 03-03-04 $546.44 |
| 10-29-03 $640.00 | 03-10-04 $737.60 |
| 11-05-03 $533.00 | 03-17-04 $783.90 |
| 11-12-03 $531.55 | 03-24-04 $589.27 |
| 11-19-03 $421.20 | 03-31-04 $601.13 |
| 11-26-03 $240.60 | 04-07-04 $250.00 |
| 12-03-03 $355.11 | 04-14-04 $410.00 |
| | 04-21-04 $710.50 |

For employees paid by job rate, day rate, piece work or commissions, the total compensation earned during a work week should be divided by the total hours worked. One half of the resulting hourly rate is owed for each hour of overtime. 29 C.F.R. § 778.111, 778.112, 778.118. As a just and reasonable inference drawn from the testimony of Plaintiff and the other witness for Plaintiff, deemed credible by this Court for these purposes, Plaintiff worked an average 60 hour workweek. The employer has not produced evidence sufficient to negate the inferences drawn from Plaintiff's evidence. Applying the overtime calculation, Plaintiff worked for thirty nine weeks (39) weeks, at 60 hours a week, for a total of 2340 hours. The compensation for those weeks totals $19,345.69. That total compensation divided by the total hours worked (2340) equals $8.26 as an hourly rate. Half of that rate ($4.13) is the rate owed for each hour of overtime. Thus, Plaintiff worked 20 hours of

overtime for 39 weeks, or a total of 780 hours of overtime. Seven Hundred Eighty times $4.13 equals unpaid overtime in the total amount of $3,221.40, which is due and owing Plaintiff.

Defendant has not established that he is entitled to a good faith defense as to liquidated damages, under 29 U.S.C. § 260. Although Defendant has asserted that he was an unsophisticated businessman, unschooled in the requirements of the law, and just trying to pay his employees a "fair" wage, the Court rejects Defendant's position that he did not know that his driver was due overtime compensation. Defendant acknowledged that Plaintiff had worked overtime (although he disputed the number of hours) and admitted to another witness that he owed Plaintiff some money for working overtime. In fact, Defendant testified that he was a former dump truck operator and has been paid overtime himself.[4] Moreover, although Defendant asserted that he paid a percentage of the haul and "extra" for other work (which may have included payments credited to overtime), Defendant could not explain how he arrived at the amount of compensation for any of the weeks at issue. It appears that he simply picked a number that he, in his sole discretion, determined was "fair." Such a system of unchecked servitude does not constitute reasonable grounds for failing to pay overtime wages. The Court concludes that liquidated damages in the additional amount of $3,221.40 are appropriately awarded.

Based on the foregoing, the Court finds in favor of **Plaintiff** on his claim for overtime compensation and liquidated damages in the total amount of $**6,442.80.** As Plaintiff has prevailed, he is entitled to an award of reasonable attorney's fees and costs, pursuant to FLSA. Plaintiff is

---

[4]Although Defendant's prior employment involved a union, and thus, his compensation may have been based on a negotiated collective bargaining agreement which is not present here, the experience shows that Defendant is not as ignorant of the requirement of overtime pay as he would have this Court believe.

directed to file a motion for taxation of fees and costs, **after consultation with Defendant,** within 11 days of the date of this Order.

      **DONE** and **ORDERED** in Orlando, Florida on May 24, 2006.

*David A. Baker*

          DAVID A. BAKER
   UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record