**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**PAUL MATHIAS KORNEXL,**

        **Plaintiff,**

-vs-                                            **Case No. 6:04-cv-944-Orl-22DAB**

**ALBERT W. BAILEY, d/b/a: Bailey**
**Trucking and Excavating,**

        **Defendant.**

_____

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S MOTION FOR TAXATION OF ATTORNEY'S FEES (Doc. No. 51)**
>
> **FILED:** June 5, 2006
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part.

Plaintiff prevailed following a bench trial in this Fair Labor Standards Act case. As set forth in this Court's Opinion, the Court found in favor of Plaintiff on his claim for overtime compensation and liquidated damages in the total amount of $6,442.80, and determined that Plaintiff was entitled to an award of reasonable attorney's fees and costs (Doc. No. 50). Counsel now seeks entry of judgment against the Defendant, including legal fees in the amount of $19,824.50. For the reasons set forth herein, the Court **grants** the motion, **in part,** and awards $12,000.00 in attorney's fees.

In FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).  This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *see also*, *Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases.").  The fee, however, must still be reasonable.

Here, Plaintiff's attorney seeks an award based upon the following:

| Timekeeper | Hours | Rate | Total | Grand Total |
| --- | --- | --- | --- | --- |
| Attorney Pantas | 6.3 hours | $250.00 per hour | $1,575.00 | |
| Attorney Scalise | 66.5 hours | $250.00 per hour | $16,625.00 | |
| Paralegal Cane | 17.11 hours | $95.00 per hour | $1,624.50 | |
| | | | | **$19,824.50.** |

In support of the claim, Plaintiff has submitted the Affidavit of Attorney Scalise, as well as the Affidavit of Attorney N. James Turner,[1] attesting to the reasonableness of the amount of hours charged and the billing rate (Doc. No. 51-2, 51-3, and 51-4).  In opposition, Defendant contends that the fee requested is excessive based on Plaintiff's degree of success.  Defendant notes that Plaintiff originally claimed overtime hours well in excess of what was found by the Court.  Moreover, Defendant contends that the case was of "minimal complexity," noting that Plaintiff's direct

---

[1] N. James Turner was appointed mediator in this case (Doc. No. 11).  Although the case was not mediated, so Mr. Turner's services as mediator were not utilized, it strikes the Court as unusual (although not unethical or unprofessional) for Mr. Turner to act as witness in this case, given the appointment as neutral arbiter.

examination required "little to no preparation for an experienced attorney seeking an hourly rate of $250.00 per hour." (Doc. No. 54 at pgs. 1-2).

While the Court finds that the overall circumstances require an adjustment of the fee downward, it disagrees with Defendant's position that the case required little to no preparation for an experienced attorney. Indeed, any experienced attorney would know that preparation is not only expected of counsel appearing in federal court, it is absolutely essential, and often the difference between winning a case and not. There is no merit to the contention that counsel "over prepared."

Defendant fares better with his contention that the fee should be reduced to reflect that Plaintiff did not fully prevail on all issues. In *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983), the Supreme Court held (in a civil rights context) that a plaintiff may be considered a prevailing party if the plaintiff succeeds on "any significant issue in the litigation which achieves some of the benefit the part[y] sought in bringing suit." Thus, a party need not prevail on every issue in order to be entitled to an award of attorney's fees and costs. This is not to say, however, that such an award is automatic upon prevailing on *any* issue that results in *any* benefit, as the Supreme Court recognized in *Farrar v. Hobby*, 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992).         In *Farrar*, the plaintiffs sought seventeen million dollars in compensatory damages at trial against multiple defendants for violations of constitutional rights, but recovered only nominal damages against one defendant. Although the trial court awarded the plaintiffs $280,000.00 in fees under 42 U.S.C.A. § 1988, the Supreme Court affirmed the Fifth Circuit's reversal of the award. *Id.* Justice Thomas, in the majority opinion, reiterated *Hensley's* holding that "the degree of the plaintiff's overall success goes to the reasonableness of a fee award" and confirmed that "'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" *Id.* at

114, 113 S.Ct. at 574.  If a plaintiff's purpose is the recovery of damages,  "a district court, in fixing fees, is obligated to give primary consideration to the amount of damages awarded as compared to the amount sought." *Id*. at 114, 113 S.Ct. at 575.  If the amount and nature of damages awarded are small in comparison to what the plaintiffs sought, "the court may lawfully award low fees or no fees." *Id*. at 115, 113 S.Ct. at 575.  As the plaintiffs in *Farrar* had sought compensatory damages but, due to their failure to prove an essential element of their claim, obtained only nominal damages, they were entitled to no fees at all. *Id.*

Justice O'Connor, concurring with Justice Thomas in the judgment, explained that, in her view, the plaintiffs were not entitled to fees because theirs was a purely technical or Pyrrhic victory. *Id.* at 117, 113 S.Ct. at 576.  Justice O'Connor suggested three "indicia of success" factors that courts should consider in making the assessment as to whether a party prevailed sufficiently to warrant a fee award: (1) the difference between the amount recovered and the relief sought; (2) "the significance of the legal issue on which the plaintiff claims to have prevailed"; and (3) whether the litigation accomplished a "public goal." *Id*. at 121-22, 113 S. Ct. at 578-79.

Here, of course, Plaintiff clearly "prevailed" in that he recovered a not insignificant amount of compensatory and liquidated damages on his FLSA claim.  Under the FLSA, that is sufficient to warrant an award of attorney's fees, consistent with the legislative intent of the Act.  There is merit, however, to the contention that the Court should reduce the award in recognition of the difference between the amount recovered and that claimed originally.  As set forth in *Farrar,* the degree of Plaintiff's overall success goes to the reasonableness of the fee award.  Here, Plaintiff's recovery was

slightly more than half the amount originally claimed, excluding liquidated damages.[2]  As such, a reasonable fee for services should also be reduced to a significant degree.  Considering all of the relevant factors, including the fact that the matter proceeded to trial, a fee in the total amount of $12,000.00 is reasonable, and is hereby awarded.

### *CONCLUSION*

The motion is **granted, in part.**  The Clerk is directed to enter judgment in favor of the Plaintiff in the amount of **$6,442.80** in damages**,** and **$12,000.00** in attorney's fees.  As costs have already been taxed, the Clerk shall terminate all pending matters and close the file.

**DONE** and **ORDERED** in Orlando, Florida on June 26, 2006.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

[2] It appears from the papers that Plaintiff originally claimed unpaid overtime in the amount of $6,000.00.  The Court found unpaid overtime in the amount of $3,221.40.

-5-